UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLEN COOLEY, SR., <br><br> Plaintiff, <br><br> v. <br><br> FORT WAYNE POLICE DEPARTMENT and POLICE OFFICER, <br><br> Defendants. | CAUSE NO.: 1:25-CV-602-TLS-AZ |

**OPINION AND ORDER**

Allen Cooley, Sr., a prisoner without a lawyer, filed a complaint alleging an unknown Fort Wayne Detective and an unknown Fort Wayne Police Officer broke his hand. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cooley alleges his hand was broken when he was arrested on April 10, 2025. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citation omitted). This complaint provides no information about how his hand was broken. Without more facts about what happened, it is mere speculation to infer that the officers' actions were objectively unreasonable.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Cooley believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Cooley must also attempt to identify the officers he is suing. The Affidavit of Probable Cause filed in his State criminal case[1] does not say who arrested him, but it does name several officers who might have been involved: Fort Wayne Police Officer Treven R. Brown, Fort Wayne Police Officer Evan M. Miller, Fort Wayne Police Officer Zachary L. Cole, Detective Liza L. Anglin, and Detective Kyra D. Woods. If Cooley needs assistance identifying the proper defendants, his public defender, Tyree Q. Barfield, may be able to assist him.

For these reasons, the court: (1) GRANTS Allen Cooley, Sr., until **December 19, 2025**, to file an amended complaint; and (2) CAUTIONS Allen Cooley, Sr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 17, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] *State v. Cooley*, 02D06-2504-F5-125 (Allen Superior Court filed April 11, 2025), available at mycase.in.gov.