UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLEN COOLEY, SR., <br><br> Plaintiff, <br><br> v. <br><br> ZACHARY L. COLE and KYRA D. WOODS, <br><br> Defendants. | CAUSE NO.: 1:25-CV-602-TLS-AZ |

**OPINION AND ORDER**

Allen Cooley, Sr., a prisoner without a lawyer, filed an amended complaint alleging two Fort Wayne Police Officers broke his hand. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cooley alleges the police officers roughly grabbed his left hand, applied a lot of pressure, and broke it on April 10, 2025. The question in Fourth Amendment excessive use of force cases "is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). This complaint provides no information about what was happening when they grabbed his hand. There are many legitimate reasons why a police officer would apply pressure to someone's hand. Without more facts about

what happened, it is mere speculation to infer that the officers' actions were objectively unreasonable.

Cooley alleges the police officers delayed taking him for medical treatment.

> Because these events took place while [he] was under arrest and prior to a probable-cause hearing, the § 1983 claim for denial of medical care arises under the Fourth Amendment. Accordingly, we ask whether the officer's conduct was objectively unreasonable under the circumstances. The inquiry considers: (1) whether the officer had notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigative concerns.

*Braun v. Village of Palatine*, 56 F.4th 542, 551 (7th Cir. 2022) (cleaned up). Here, the amended complaint does not explain what the defendants knew about Cooley's hand, why the injury needed immediate medical attention, what Cooley asked them to do for his hand, what the police were doing rather than taking him to the hospital, or what injury he suffered because of the delay.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that

something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Cooley believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Allen Cooley, Sr., until **January 20, 2026**, to file a second amended complaint; and

(2) CAUTIONS Allen Cooley, Sr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on December 16, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT